Clerk, please call the next page. 114-3129 Evelyn Farrar v. United Airlines Good morning, Your Honor. It's James Toutain on behalf of Petitioner Evelyn Farrar. Your Honor, the issue before this Court is a legal one. And the question is whether Section 13217 of the Code of Civil Procedure applies to proceedings before the Illinois Workers' Compensation Commission. Can we agree on a couple of preliminary factors? The statute of limitations had expired on the claimant's claim under the Commission's rules prior to the new application, correct? According to the Commission rules, yes, Your Honor. And neither the Act nor the procedural rules implemented by the Commission have adopted Section 13217 as things stand today, correct? That's correct. All right. So why would we incorporate that provision into the Act? Because the Code of Civil Procedure, Section 13-217, and 40 or almost 50 years of Supreme Court precedent states that Section 13217 does apply to Commission proceedings or should apply to Commission proceedings. The question is, what really... You have a case that says that? Really? I don't, Your Honor. I wish I did, but there's no case that says 13217 does not apply. Except for all the cases that we vote to be time-barred if the motion to vacate the DWP isn't filed within 60 days pursuant to the Commission rules. But that's a motion to vacate a DWP, Your Honor. That is not refiling a new action. A motion to vacate a DWP under Section 72090, that's an entirely different procedure. So really, the crux of the issue is, does 13217 directly conflict with the Workers' Compensation Act? And it doesn't. It doesn't? The terms are not totally different? Commission Rule 902090 details specific requirements for the petition to reinstate, prescribes a 60-day limitation for petitioning to reinstate, and sets out a discretionary standard for deciding whether to reinstate. 13-217 of the Code allows refiling of compensation claims that have been dismissed for want of prosecution beyond 60 days up to a year after dismissal, after the statute of limitations has expired without any showing of any justification for refiling. So, how are they the same? How are the terms the same? How are they the same, Your Honor? Yeah, are they the same? No, vacating a dismissal or dismissing a case for want of prosecution is not the same thing as refiling a new action. Right. You know, vacating a dismissal for want of prosecution or petition to reinstate, you're reincorporating the court's original jurisdiction over the party's own to that action. Filing a new claim, a new cause, is a new proceeding. You're invoking the court's jurisdiction. You have to get the party served again, and it's a new proceeding. Section 13-217 is not a section which sets forth a procedure to vacate anything. The vacated dismissal for want of prosecution, it's a saving statute. And this is, you know, the court's precedent interpreting 13-217 going back to the mid-50s when this statute was amended. That's not interpreting it in reference to a claim before the Illinois Industrial Commission. It has to do with refiling common law or statutory causes of action that belong in the circuit court, not before the Workers' Compensation Commission. And you have no case that would suggest that this procedural rule in the Code of Civil Procedures is applicable to actions before the commission. Sir, you're correct in terms of case law. But Section 101-108 of the Code of Civil Procedures itself states that this shall apply to all statutes unless it's directly regulated by that statute. There is no comparable section in the Illinois Workers' Compensation. Well, let me respond with this. Would you agree with this? Under the language of the Act, the legislature under the Act granted the commission the authority to make and publish rules and orders governing the litigation of claims before it. Okay? And there's case law. The Preston v. Industrial Commission case holds that, therefore, when the Act or the commission's rules regulate a procedural area or topic, the Act or the commission's rules apply, not the Code. Doesn't that contradict your argument? No, it doesn't. It doesn't matter. Because, for example, the Supreme Court cannot pass a rule which contradicts the Code of Civil Procedure. Oh, yes, they can. They have rulemaking powers. The name of the case is O'Connell v. St. Francis Hospital. I suggest that you read it. They have rulemaking supremacy over the legislature. And to the extent that the legislature passes a statute that is in derogation or contradicts an Illinois Supreme Court rule, the Supreme Court rule controls. Trump said on that issue. That's well said on mine. O'Connell v. St. Francis Hospital, if you want to read the case. But what it comes out to, Your Honor, is that there is no conflict because 13217 is not a procedure which addresses vacating dismissals for want of prosecution. I imagine you're making a fine distinction here between the difference between filing a motion to reinstate versus refiling a new action. Yes. And granted, no question that if your case in circuit court is dismissed for want of prosecution, you have a year to refile. But at the same time, within 30 days, you could file a motion to reinstate. So those are not two contradictory proceedings. That's correct. That's your argument, right? Absolutely. Now, let me ask you this. Can you find a case where any court of review applied 13217 to any administrating agency? Yes, Your Honor. I cited some cases in my brief, and I think the closest one is. . . Well, you cited cases to administrative review in the circuit court, as I recall. In other words, if a case on administrative review in the circuit court is dismissed for want of prosecution, then the same rule applies. It's a case in circuit court. But I'm talking about proceedings before any other administrative agency in Illinois. I have not. And I was going to say that Bailey v. the Department of Public Security case was the closest case I could find. And the reason why I think it is similar is because there's some underlying concern about jurisdiction and that 1729 is a jurisdictional prerequisite, and the commission lost jurisdiction. Well, under the Administrative Review Act, the same thing. Once the appeal to the circuit court was dismissed for want of prosecution, now the review under the Administrative Review Act is now untimely. Well, wait a minute. But 13217 suggests that even if it is untimely, there's a one-year refile, and that applies to the circuit court. And you've got cases that would say that if a case is on administrative review and it's dismissed, you get the one-year refile. But that's not the question that was asked to you. The question that was asked was, do you get the refile before the administrative agency under 13217? And I find no authority for that. I find no case law, Your Honor. The only authority I find is the plain language of the Code of Civil Procedure in 13217. And I guess what you come down to is, does 13217 contradict the statute of limitations applicable under the Illinois Workers' Compensation Act? And it doesn't. And because 13217 has been clearly interpreted as a saving statute, that's the sole purpose of that statute, is a saving statute. So if a claim is lost and the original statute of limitations has expired, 13217 is a saving statute which should be literally construed. It gives a party an absolute right to refile a claim after dismissal if we want a prosecution. But the problem is, and you simplify it, is there a conflict? No. Probably granted there's no direct conflict. But you have overarching policy issues in my mind, okay? You're asking us, in spite of the legislature granting the commission the authority to make and publish its own rules and orders, to start selectively incorporating the Code of Civil Procedure into the Workers' Compensation Act. Isn't that a little troubling? Your Honor, that's what courts have done in the past. Anytime there's been a question in these cases, should we look to the Code of Civil Procedure because the Comp Act is silent, that's what the court effectively is doing. In those cases where they adopted 2616, the bottom menu... It's where the Comp Act is silent. Right. It's not here. Is it silent here? There's nothing in the Comp Act that discusses... Well, but derivatively, is there in the Comp Act the authority granted for the commission to make rules? There is. But there's no commission rule that says whether you can or cannot refile a claim after DWP. They've adopted rules regarding voluntary dismissals. You can voluntarily dismiss the case, and they have held. You have one year after voluntary dismissal to refile the action. In my jurisprudence teaching and learning, a DWP is the same thing, has the same effect as a voluntary dismissal. They're both without prejudice. They're both not final and appealable orders until the one-year timeline in 217 expires. And I guess that's one of the things... I guess it comes down to yours. Is the term dismissal with warrant of prosecution, as used in the rules, is that different than how every other court in the state of Illinois has used the term dismissal with warrant of prosecution? That's the crux of it. There's nothing in commission rules that says a DWP is final and unappealable after 60 days. In fact, it couldn't be that. Because if that's true, if a DWP becomes a final and appealable order after 60 days, it has raised judicata effect. That would bar any refiling within the statute of limitations if the statute of limitations had not yet run. You file a claim, you get hurt, day one. Day two, you file a claim. Day three, it gets dismissed for warrant of prosecution. And that's because the commission rules say you've got 60 days to file a petition to reinstate, and this is the standard that you have to have in that petition. I mean, look at it this way. Okay, before the statute of limitations has run, case is dismissed for warrant of prosecution. A petition to reinstate is filed. But the commission says your reasons aren't good enough. It doesn't matter if you're still within the statute of limitations. You're out, right? I mean, you can appeal it up here, and it's an abuse of discretion standard. I don't know, Your Honor. I haven't thought of that issue. I mean, that's how we get those kind of cases? No, I've seen an appellate court case where they didn't quite address that issue, but they threw out the question, we don't know if they're rich on statute of limitations. That's an exact fact. They appeal the dismissal for warrant of prosecution, the denial of the petition to reinstate, which is an abuse of discretion standard before the court, and then the court in its analysis questioned, well, no one brought up whether the original statute of limitations had run yet. Well, I mean, under that analysis, it wouldn't matter under the commission rules, right, whether there was still time on the statute of limitations. The only question is, did they abuse their discretion in denying the motion to reinstate? That's right, and I don't think there's anything in the commission rules that, in that situation, would prevent a party from refiling within the statute of limitations. My example I was going to mention, Your Honor, was if there's no petition filed, day one you're hurt, day two you're filed, day three it's dismissed for warrant of prosecution, no petition is filed. You're still within the statute of limitations. Day 62 you refile your claim. Under the commission's ruling here, in logic, that claim is barred. Well, that's my point. Under the commission rules, whether or not there's still time left on the statute of limitations doesn't matter. But then the commission rule conflicts with this workers' compensation act. Because the workers' compensation act says you have three years to file. And you filed, and you got it dismissed for warrant of prosecution and didn't follow the commission rules to get it reinstated. I don't think those are the facts, Your Honor, but I see where your point is. I think under the commission rules, I mean, okay, your issue is, should 13217 apply? Yes. Okay. But no question under the commission rules it doesn't matter whether there's time for the statute or not. That's correct. That's correct. And I guess, Your Honor, to your extent, you're asking why should it apply. Well, workers' compensation act is a remedial statute. I mean, you all know that, and it's a well-settled law. This is a technicality. I don't understand what you mean technicality. Somebody didn't show up before the commission, and it got DWP. That's no technicality. Every time a case is DWPed, Your Honor, I mean, that's the way the case law describes it, is losing the case on a technicality. I don't see it as a technicality. I mean, you know, you know when your case is up, and you've got to follow your case. Let me ask you a final question. Did the commission adopt this statute? Absolutely. You're kidding. 217? Absolutely. And, in fact, to a certain extent, they've already had it, Your Honor, because they've adopted the parts that pertain to voluntary dismissal. You can make the argument before them to adopt it, right? I don't know. Well, that's apparently what the argument was, and they didn't buy it, you know. So, Justice Hoffman, just to address your concern there. Your time is up. You will have time until 5. All right. Thank you. You have five minutes. Okay. Thank you. Counsel, you may respond. May it please the Court, Counsel Timothy McNally on behalf of the appellee, United Airlines. Your Honor, as we stand here today almost 13 years after the claimed accident, almost eight years after the first application was filed, and nearing the five-year anniversary of the DWP, this is not the simple summary workers' compensation proceeding envisioned by the legislature. The Commission has rules to avoid these situations, rules enacted pursuant to its statutory authority in Section 16, and those rules are clear. Now, while Farrar urges that we adopt the Code of Civil Procedure in this case. And what's wrong with it? What's wrong with his argument, fundamentally speaking? Well, the precedent has been clear, first, that the Act is a purely statutory remedy and that the Code does not apply. And to further your point earlier, the legislature has given the Commission statutory authority under Section 16 to make its own rules. That same section said that those rules are presumed valid. Okay? And the Commission has, and the case law says, but we'll only look to the Code if the topic or area is not regulated. Well, in this case, not only is the topic and area both regulated, but this exact situation is regulated. Rule 7020.6 of the Commission rules tells us, after a case has been on file for three years, if people fail to appear, the case will be dismissed from want of prosecution. That's what happened. Rule 7020.9 tells us exactly what we're supposed to do if a case is dismissed from want of prosecution. The parties shall have 60 days to file a petition to reinstate in writing. The rule even goes on to state, you know, if those petitions are contested, that the parties may present evidence and then the principles that the Commission is to employ when evaluating such a petition to reinstate. Okay? So what we're left with then is the argument that, despite the Commission rule, enacted pursuant to its statutory authority under Section 16, that tells us a case is going to be DWP, despite the Commission rule enacted pursuant to statutory authority under Section 16, that tells us we need to file a petition to reinstate within 60 days, that the code of civil procedure should apply because I'm not reinstating the case, I'm refiling it. And with all due respect, I think that's a distinction without a difference in this case. The position counsel sets in this court to adopt would render Commission rule 7020.9 completely meaningless. You would never have to reinstate a case within 60 days. You could simply opt to have a year. Again, the court... And you're saying that's contrary to the policy of the Act, right? It is. It is. And contrary to the Commission's rules that have been established... The Commission has spoken on this topic and that should be the end of it, right? Correct. Okay, let me ask this question, though. I mean, in the circuit court, I mean, it is true as far as making a distinction between refiling versus reinstatement. In the circuit court, your case is dismissed for want of prosecution. Within 30 days, you can file a motion to reinstate it. It could be denied. And under 13217, you've still got the right to file it, right? Within a year. In the circuit court, I think the courts have... But there is a difference there between refiling and reinstatement because you clearly do have a year to refile. And so there are two procedures involved going along, involved with the same case. Why couldn't there be the same thing here? I think the Commission, pursuant to a statutory authority, has had the opportunity to adopt that rule and they've declined it. The Commission has only adopted one rule. And again, the Commission goes as far as stating, we're not even going to DWP a case until it's been around for three years. They want cases at the Commission to move forward. The courts have traditionally recognized that because the Act is a purely statutory remedy, it's different than civil cases. And the courts have also recognized that when the topic or area is regulated by the Commission rules, and again, the legislature told us under Section 16 that the Commission has authority, even told us that those rules are presumed valid, that the Code of Civil Procedure does not apply. There is no precedent applying the Code of Civil Procedure in this instance. And I would submit that not only is the topic or area regulated, this exact situation is regulated. So it's really like preemption, right? Correct. How does this Court affirm the decision of the Commission and the Circuit Court? Unless there are further questions. I don't believe there are. Thank you, Counsel. Counsel, you may reply. Thank you, Your Honor. Your Honor, a couple points. The question of whether 13217 as a savings statute conflicts with the statute of limitations in the workers' compact, if that is your concern that it does, well, then 13217 contradicts every limitations period set forth in the Code of Civil Procedure because it has the same effect. Except it specifically says it applies to actions under that article. And, quote, and any other act, end quote. It applies to this section and any other act. That language was added in the mid-'50s. From a policy standpoint, let's assume you're absolutely correct. What sense would it make to create an act, a statutory creation, tell the Commission you have the right to make your own rules and regulate your procedures and then have another civil code that can trump that? What would be the point, then, of having that provision allowing the Commission to make its own rules? Because, according to you, the rules are meaningless. The Code can trump the rules. This isn't a situation where I'm asking the Court to say 13217 trumps anything in the Commission. Well, it would have to if we agree with you. The Commission does not have a rule, Your Honor, that says, in the case of DWP, it cannot be refiled. If it said that, clearly there's a direct conflict, and I'm asking you to trump it. You're asking us to add it into the act, are you not? If we agree with your position at all, we're now changing the law of the procedures in the act, obviously. But that has occurred every time the Court has determined that a part of the codicil procedure applies. And, again, that's consistent with 1-108. It says that if it's regulated by statute, the statute applies. If not, then the codicil procedure applies. The terms dismissal for wanted prosecution, that term does not appear anywhere in the Illinois Workers' Compensation Act. It doesn't appear anywhere. So, again, it gets back to my earlier point. What does dismissal for wanted prosecution mean in the Commission rules? It's got its common law meaning. And in common law, it's not a final and appealable order. And under 217, you have a year to refile. Justice Hoffman, I just want to mention real briefly, and I don't know if this is what your concern was, but this was raised in your brief, and I didn't want to erase it. The diligent suitor doctrine was rejected by the Supreme Court back in 1977 as it applies to this section. Under the case I cited in my brief, Franzese v. Trinco, 66 Illinois 2nd, 136, that was the precise argument. Everything was timely filed. It was in the circuit court or the appellate court that said, yeah, you met the dollars, but we don't think you're diligent. And the court is, it's a refuge, it's not a refuge for the negligent, but only an aid for the diligent. Supreme Court, in a very short two-page decision, completely rejected that. I don't understand how that applies to the argument. You were saying that your concern that, when I mentioned she had lost her claim on a technicality, you said, well, someone didn't show up, someone... Well, it wasn't a technicality. I don't think it's a technicality. I don't think it's a technicality at all. I read more into your statement than you intended, Your Honor. But I do think that's a point that was raised in their brief. And again, that's where court states that's irrelevant. You have an absolute right to refile within one year as provided by 13217. Your Honor, unless you have any more questions... Oh, the only other thing I was going to add, applying all the traditional statutory rules of construction, statute should be liberally construed, plain language, pari materia, all those apply in this case in our favor.  The workers' compensation act is supposed to be liberally construed. The code of civil procedure under the statute of statutes act is to be liberally construed. No one here is claiming that there's any language which is unclear, ambiguous. Everything is... That's just not the issue. And then in terms of can the two be read together, they can, as I point out in my brief. And if the court would adopt the commission's ruling, you're going to have a separate set of rules for cases that are voluntarily dismissed as opposed to dismissed for warrant of prosecution. You're going to have two sets of rules for a case that's dismissed for warrant of prosecution within the statute of limitations, and a petition is not refiled within the statute of limitations. You're creating more complexity than uniformity. Is there a case that suggests that you could voluntarily dismiss an action before the commission and refile it within one year even though the statute of limitations is part of it? Yeah. That's the commission. There's a commission rule in that, Your Honor, is that one case, commission case I mentioned in my brief. The commission case is binding on us. Is there any precedent that suggests that you would refile within one year even though the statute of limitations under the Compensation Act has expired? That issue's never been addressed by the courts either, Your Honor. Well, so then we wouldn't be adopting an inconsistent position because presumptively if we affirm the commission, we'd also affirm them if they suggest you couldn't refile within one year after a voluntary dismissal of an action. But the commission has held that you can refile within one year of a voluntary dismissal. I thought you said there was a rule. Is there a rule that says that? There's a rule that basically sets forth the procedures for voluntary dismissals. Is there a rule that says when you can refile after that voluntary dismissal? That was pursuant to the commission case law. So there is no rule? There's no rule? Again, not one way or the other. And again, so adopting 13217 creates uniformity in both those questions, Your Honor, because 13217 applies to DWPs and dismissals. But declining to adopt 13217 would also establish uniformity between the two positions, wouldn't it? And it would implicitly overrule the procedure as it exists before the commission now, and that is on an issue that's really not before the court. Thank you, Your Honor. Thank you, counsel, both, for your fine arguments in this matter. I will now take them under advisement. Interim disposition shall issue. The court will stand in recess until 1.30 this afternoon.